WRIGHT ET AL. v. KELTNER.

[No. 13,104. Filed January 4, 1928. Rehearing denied March 13, 1928.]

*Chattin & Wise,* for appellant.

McMahan, J.—This is an appeal from an award allowing appellee compensation because of an injury which he claims arose out of and in the course of his employment by appellant. Appellant filed no answer until the day of the hearing before the single member of the board. On that day an answer in three paragraphs was filed. The first was a general denial, the second an argumentative denial and the third that the accident and injuries caused thereby were the result of intoxication and willful misconduct on the part of appellee.

Appellant was not allowed to introduce any evidence in support of the third paragraph. This refusal was based on a rule of the Industrial Board which has been

in force since September, 1915, and which provides that when a defendant relies upon the special defense of willful misconduct or intoxication, such defense must be pleaded at least five days prior to the original hearing.

Appellant appealed to the full board, where his application for leave to introduce evidence in support of the third paragraph of answer was also denied. From an award by the full board allowing compensation at the rate of $6.60 per week during total disability, not exceeding 500 weeks, this appeal is prosecuted.

The rule requiring special defenses to be filed prior to the day of the hearing is a wholesome rule and one of which appellant was required to take notice. There was no reversible error in the action of the board in refusing to hear evidence in support of the defense of willfulness and intoxication.

The evidence is sufficient to prove that appellee was employed by appellant as a janitor in a theatre building. He was paid a weekly salary and slept in a room over the balcony of the theatre. He did not go on duty the evening of the accident until after the last show, when he was supposed to turn out the lights and close the theatre for the night. On the night when he was injured, he came to the theatre after the last show and just after the lights inside had been turned off by another employee. He had some trouble turning the lights on, and the employee who turned them off went back into the building and turned part of them on, after which he left and did not return until the next morning. Appellee, among other things, testified that when he came back to the theatre, he went upstairs to his room, where he took off his coat and then went down stairs, leaving his keys in his coat pocket; that on going down stairs the door to his room became locked, so he had to use a ladder to reach a window, so he could get into his room and get his keys; that he had not locked the door

to the theatre but had put out all the lights except one to see by. As he was going up the ladder, he slipped and fell. While the evidence is not very clear and satisfactory, it is sufficient to sustain a finding that his injury arose out of and in the course of his employment.

Award affirmed.

Dausman, J., absent.

Nichols, J., not participating.